IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARC STRICKLAND, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARC "JR" STRICKLAND, DECEASED, <br><br> *Plaintiffs,* <br><br> v. <br><br> DALLAS INDEPENDENT SCHOOL DISTRICT, JOHN DOE COMPANY I, AND JOHN DOE COMPANY II, <br><br> *Defendant.* | §§§§§§§§§§§§§§ | Civil Action No.: _____ <br><br> Jury Trial |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW Marc Strickland, Individually and as Representative of the Estate of Marc "Jr" Strickland, Deceased, and files Plaintiffs' Original Complaint complaining of Defendant, Dallas Independent School District. Plaintiffs reserve the right to replead if new claims and issues arise upon further development of the facts, as permitted by law. In support thereof, Plaintiffs respectfully show the Court as follows:

### I. BRIEF INTRODUCTION TO THE CASE

1. Decedent, Marc "Jr" Strickland, was born on December 23, 2001 in Dallas, Texas.

2. Marc Strickland, Sr. is the natural father of Marc "Jr" Strickland.

3. On or about January 11, 2020, Marc "Jr." Strickland was shot while attending a basketball game held at a stadium that is owned and/or under possession, custody, and/or control of the Dallas Independent School District.

4. Marc "Jr" Strickland died on January 18, 2020 from the gunshot wounds.

## II. JURISDICTION

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. § 1331 and § 1343 because the matters in controversy arise under the laws and rules of the United States as noted above.

## III. VENUE

6. Under 28 U.S.C. § 1391, venue is proper before this Court because the events and omissions giving rise to the Plaintiff's claims occurred in the Northern District of Texas and in the Dallas Division.

## IV. PARTIES

7. Plaintiff, Marc Strickland, is a Texas resident and citizen of Dallas County, Texas, who has standing and capacity to file suit.

8. Defendant, Dallas Independent School District, is a school district organized under the laws of the State of Texas and is being sued in its correct capacity. Dallas Independent School District and can be served with process by serving **Superintendent Michael Hinojosa, 9400 N. Central Expressway, Suite 1675, Dallas, Texas 75231**.

9. Defendant, John Doe Company I, is a company doing business in the State of Texas and for purposes of service of process and presently such address is unknown at this time.

10. Defendant, John Doe Company II, is a company doing business in the State of Texas and for purposes of service of process and presently such address is unknown at this time

## V. STATEMENT OF FACTS

11. On or about January 11, 2020, Marc "Jr" Strickland attended a basketball game at the Ellis Davis Field House basketball stadium located at 9191 S. Polk St. in Dallas, Texas. The high school basketball game was between South Oak Cliff and Kimball High Schools.

12. While at the basketball game, a fight ensued between Marc "Jr" and other students which included a fifteen (15) year old male. Officers were in the process of escorting the teens out when the fifteen-year-old male pulled out a gun and shot Marc "Jr" in the chest causing serious injuries which required Marc "Jr" to be transported to the hospital.

13. Marc "Jr" was on life support for days before finally succumbing to his injuries and passing away.

## VI. STATE ACTION

14. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

15. The District, in any and all capacities and in all matters, acted under color of state law when it permitted Plaintiff to be subjected to the wrongs and injuries set forth herein.

## VII. UNCONSTITUTIONAL POLICIES, PROCEDURES, PRACTICES, & CUSTOMS

16. During the relevant time period contemplated by this cause of action, the Dallas ISD School Board had an actual practice and custom of conscious and deliberate indifference to the federal law, federal rules, directives from federal executive agencies, and their own School Board policies and procedures in regard to the treatment of Decedent, and such failures were a moving force in the injuries to Decedent for which he seeks recovery pursuant to 42 U.S.C. §1983.

17. Specifically, the District had a custom and practice of refusing to fulfill the requisites of Title VI Jurisprudence and investigate allegations of bullying, harassment and assault after receiving complaints that such actions were based upon racial animus.

18. In addition, and in the alternative, this School Board obviously failed to correctly supervise staff in regard to the laws, regulations and directives as noted above. Such

failures, in addition and in the alternative to the above, rise to the level of a separate violation of the Fourteenth Amendment of the Constitution of the United States for which Plaintiffs seek recovery pursuant to 42 U.S.C. § 1983.

19. Also in the alternative to the above, this School Board failed to train its staff in regard to the laws, regulations and directives as noted above. Such failures, in addition and in the alternative to the above, rise to the level of a separate violation of the Fourteenth Amendment of the Constitution of the United States for which Plaintiffs seek recovery pursuant to 42 U.S.C. § 1983.

20. It also failed to train staff on how to deal with assessing a situation for trespass and assuring the person being considered receives notice they may be issued such a trespass warning. The need for such training is obvious as it is required by their own school board policy on the subject.

### VIII.   CLAIMS PURSUANT TO 42 U.S.C. § 1983 AND THE 14TH AMENDMENT TO THE U.S. CONSTITUTION

21. Plaintiffs incorporate by reference all of the above related paragraphs with the same force and effect as if herein set forth.

22. Marc "Jr" Strickland has a right to privacy and to bodily integrity pursuant to the due process clause of the 14th Amendment to the United States Constitution.

23. The School District failed to protect such rights.

24. The School District failed to provide equal protection under the 14th Amendment to the United States Constitution.

25. The acts and omissions of the School District specifically undermined and interfere with his right to privacy and bodily integrity for which the School District is liable to him

pursuant to 42 U.S.C. § 1983.

### IX. CLAIMS PURSUANT TO TITLE VI OF THE CIVIL RIGHTS ACTS OF 1964

26. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

27. Title VI of the Civil Rights Act of 1964 and its implementing regulations require that each state that receives disbursements, including the state's political subdivisions, not permit the student to be a victim of discrimination based upon race or racial stereotypes.

28. Plaintiffs assert that because Dallas ISD failed to keep Marc "Jr" Strickland safe from harm and failed to provide a safe environment, such failures as noted above, have together and separately, contributed to violating his civil rights pursuant to Title VI.

29. Pursuant to relevant jurisprudence on the topic, including School Board Policies and Procedures, District personnel had a duty to investigate such concerns and refused to do so, violating his civil rights pursuant to Title VI thereby.

30. In addition, Plaintiffs assert that because the School District refused to remedy the effects of the shooting, also violating his civil rights pursuant to Title VI thereby.

### X. RATIFICATION

31. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

32. Dallas ISD ratified the acts, omissions, and customs of school district personnel and staff.

33. As a result, Dallas ISD is responsible for the acts and omissions of staff persons who were otherwise responsible for Marc Jr's safety.

## XI. PROXIMATE CAUSE

34. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

35. Each and every, all and singular ,of the foregoing acts and omissions on the part of the School District, when taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth herein.

## X. DAMAGES

36. As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of the defendant, Plaintiff sustained significant injuries and damages.

37. Plaintiff seeks recovery for the following damages of the Estate of Marc "Jr" Strickland:

    a. past physical pain and suffering;

    b. past mental anguish;

    c. past physical impairment;

    d. past disfigurement;

    e. past medical expenses;

    f. funeral and burial expenses; and

    g. out-of-pocket expenses incurred.

38. Plaintiff seeks recovery for the following damages he has suffered, in the past and reasonable probability will suffer in the future, as a result of the wrongful death of his son, Marc "Jr" Strickland:

    a. past, present, and future pecuniary loss;

    b. past, present, and future loss of companionship and society; and

      c.    past, present, and future mental anguish.

39. The amount of the damages suffered by Plaintiff shall be determined by the jury after it has received all of the evidence. Nevertheless, the amount of damages exceeds the minimal jurisdiction of this Court.

40. Plaintiff seeks recovery of both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which plaintiff may be entitled.

## XI. ATTORNEYS' FEES

41. Plaintiffs incorporate by reference all the above related paragraphs, as if fully set forth herein.

42. It was necessary for Plaintiffs to retain the undersigned attorneys to file this lawsuit. Upon judgment, Plaintiffs are entitled to an award of attorney fees and costs pursuant to 42 U.S.C. § 2000d et seq. and 42 U.S.C. § 1988.

## XII. SPOLIATION

43. Plaintiffs hereby require and demand that Dallas ISD preserve and maintain all evidence pertaining to any claim or defense related to the incident or other violations that make the basis of the complaint and the damages resulting therefrom, including statements, photographs, videotapes, audiotapes, surveillance, security tapes, business or medical records, incident reports, telephone records, emails, text messages, electronic data/information, and any other evidence regarding the violations set forth herein.

44. Failure to maintain such items will constitute "spoliation" of evidence, which will necessitate use of the spoliation inference rule- an inference or presumption that any

negligent or intentional destruction of evidence was done because the evidence was unfavorable to the spoliator's case.

### XIII. JURY DEMAND

45. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all issues in this matter.

### CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against the District in the manner and particulars noted herein and above, and in an amount sufficient to fully compensate them for the elements of damages noted herein and above, judgment for damages, recovery of attorney's fees and costs for the preparation and trial of this cause of action and for its appeal if required, together with pre- and post- judgment interest and court costs expended herein, as well as the equitable issues noted herein and above; and for such other relief as the Court, in equity, deems just and proper.

Respectfully submitted,

LAW OFFICES OF WILLIE D. POWELLS, III
AND ASSOCIATES, PLLC

By: _____
Willie D. Powells, III
Texas Bar No.: 24053427
One Arena Place
7322 S.W. Fwy, Suite 2010
Houston, Texas 77074
T: (281) 881-2475
F: (713) 583-3100
E: willie@williepowellslawfirm.com

- 9 -

**CIRKIEL & ASSOCIATES, P.C.**


By: */s/ Martin J. Cirkiel*
    Martin J. Cirkiel, Esq.
    State Bar No.: 00783829
    1901 E. Palm Valley Blvd.
    Round Rock, Texas 78664
    T: (512) 244-6658
    F: (512) 244-6014
    E: marty@cirkiellaw.com

**ATTORNEYS FOR PLAINTIFF**