IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARC STRICKLAND, individually and as representative of the ESTATE OF MARC "JR" STRICKLAND, deceased, | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Civil Action No. 3:22-CV-0056-D |
| DALLAS INDEPENDENT SCHOOL DISTRICT, JOHN DOE COMPANY I, and JOHN DOE COMPANY II, | § § § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

Non-party City of Dallas (the "City") objects to plaintiffs' subpoena to testify at a deposition and notice of intent to take deposition by written questions directed to the Dallas Police Department. The City moves under Fed. R. Civ. P. 45(d)(3)(A)(iii) to quash the subpoena and notice on the ground that plaintiffs seek information that is protected under federal and state law. In the alternative, the City requests that the court modify the subpoena and notice to allow only the disclosure of necessary information. For the reasons that follow, the court grants the City's motion to quash and quashes the subpoena and notice.

I

This lawsuit arises out of the January 11, 2020 shooting of Marc "Jr" Strickland at a high school basketball game, from which Marc later died. Plaintiffs allege that Marc was

shot by a 15-year-old male.

Plaintiffs have subpoened the Dallas Police Department for "records pertaining to Dekieaian Wheatley [("Wheatley")] and[/]or Marc 'Jr' Strickland from 2019 to present." ECF No. 32-1 at 10 (first brackets added).  According to the City's evidence, plaintiffs are seeking records that pertain to the investigation and prosecution of a minor.  The City contends that these records are confidential under federal and state law.  In particular, it maintains that 18 U.S.C. § 5038 prevents disclosure of juvenile records under federal law, and Tex. Fam. Code Ann. § 58.008(b) (West 2021) prevents disclosure under state law of juvenile records held by law enforcement.

Plaintiffs do not dispute that these confidentiality laws apply to their subpoena. Instead, they maintain that each statute has an exception that applies to this case.  Plaintiffs contend that 18 U.S.C.§ 5038 "does not apply if the juvenile is found guilty of committing an act which if committed by an adult would be a felony that is a crime of violence."  Ps. Resp. (ECF No. 39) at 3.  And they posit that Tex. Fam. Code Ann. § 58.008(b) is inapposite because it does not protect information about a juvenile who "is transferred to the Texas Department of Criminal Justice."  *Id.* (quoting § 58.008(c)).  Plaintiffs aver that they "reasonably believe that [Wheatley] has been or will be transferred" there.  *Id.*

The City responds that the exception plaintiffs identify under 18 U.S.C.§ 5038 only applies to fingerprints and photographs, and is not applicable here.  They maintain that the exception under Tex. Fam. Code Ann. § 58.008(b) does not apply because, according to the Texas Department of Corrections website, Wheatley has not been transferred there.

- 2 -

II

Rule 26(b)(1) provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Under Rule 45(d)(3)(A)(iii), if the party seeks information that "requires disclosure of privileged or other protected matter [and] no exception or waiver applies," the court, [o]n timely motion," "must quash or modify [the] subpoena." *See Sully v. Freeman*, 2017 WL 3457123, at *1 (W.D. Tex. Feb. 1, 2017). The moving party must establish that information sought by the subpoena is "privileged or other protected matter." *Id.*

The City has met its burden to show that the information plaintiffs seek is "privileged or other protected matter" under state law.[1] Tex. Fam. Code Ann. § 58.008(b) provides that "law enforcement records concerning a child and information concerning a child that are stored by electronic means or otherwise . . . may not be disclosed to the public." This section applies here: plaintiffs seek records from law enforcement concerning the investigation of a child.[2] It does not appear that any exception applies.[3] *E.g.*, *Miles as Next Friend of Q.s v.*

---

[1]The parties do not dispute that state law applies. The court therefore assumes *arguendo* that state law determines whether the information at issue is "privileged or other protected matter."

[2]Although the parties focus on Wheatley, the subpoena seeks records for "Dekieaian Wheatley and[/]or Marc 'Jr' Strickland." It is not clear that this difference is material, however; the evidence the City provides shows that *all* of the records sought concern an investigation of a child.

[3]Plaintiffs' speculation that Wheatley has been transferred to the Texas Department of Criminal Justice is insufficient for the court to conclude that the exception identified by plaintiffs under Tex. Fam. Code Ann. § 58.008(c) applies. Indeed, even assuming *arguendo* that Wheatley has been transferred to the Texas Department of Criminal Justice,

*Dolgencorp of Tex., Inc.*, 2020 WL 6083006, at *11 (N.D. Tex. Oct. 14, 2020) (Horan, J.) ("On the Court's reading of this Texas statute, Texas Family Code § 58.008(b) creates an evidentiary privilege from disclosure in, among other contexts, discovery.  And it appears that no exception applies to Plaintiffs' or Defendant's request for these law enforcement records.").

Accordingly, because the information plaintiffs seek is "privileged or other protected matter" under state law and no apposite statutory exception is shown to apply, the court quashes the subpoena and notice.[4]

\*   \*   \*

For the reasons explained, the court grants the City's motion to quash plaintiffs' subpoena and notice and quashes the subpoena and notice.

**SO ORDERED**.

July 11, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE

---

the statute provides that law enforcement records "may be transferred" to a state or federal depository for adult records first *and then* shared with others.  *See* § 58.008(c).

[4]The court does not reach the City's argument that the records are protected under 18 U.S.C.§ 5038.  It also does not reach the City's alternate request to limit or modify the subpoena to allow the disclosure of the minimum necessary information.